IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN TURKNETT, JR., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| BRENNTAG SOUTHWEST, INC. AND | § | |
| CHEM CARRIERS TOWING, LLC, | § | |
|     Defendants | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John Turknett, Jr. files this Complaint against Defendants Brenntag Southwest, Inc. and Chem Carriers Towing, LLC, and alleges as follows:

This case arises from an incident that occurred at Defendant Brenntag's Channelview facility. Defendant Brenntag failed to ensure a gangway from its facility's dock was properly secured to its dock, and to a barge owned by Defendant Chem Carriers. Defendant Chem Carriers failed to ensure its barge was properly moored, and failed to provide a reasonably safe means to ingress and egress its vessel. Plaintiff, a tankerman, was using the gangway to go from the barge to the dock. As he stepped on the gangway, it immediately tilted to the right. Plaintiff and the gangway toppled over onto the lower deck of the barge. The gangway landed on Plaintiff. Due to the fall Plaintiff suffered serious injuries and has been unable to return to work.

## THE PARTIES

1. Plaintiff John Turknett, Jr. is a resident of Harris County, Texas.

2. Defendant Brenntag Southwest, Inc. is a domestic corporation headquartered in Texas. It may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Chem Carriers Towing, LLC is a limited liability company doing business in the State of Texas. This Defendant does business in the State of Texas but does not maintain a registered agent here. It thus can be served in accordance with FED. R. CIV. P. 4, with service of the summons and complaint to Defendant as follows: (i) Defendant's corporate headquarters: 1237 Highway 75, Sunshine, LA 70780; and/or (ii) Defendant's registered agent for service of process, as listed with the Louisiana Secretary of State: Jeffrey M. Barbin, II City Plaza, 400 Convention Street, Suite 1100, Baton Rouge, LA 70802.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1333 because it arises under the general maritime law.

5. This Court has personal jurisdiction over the Defendants because they conduct systematic and continuous business activities in and throughout the state of Texas and this District. Further, the claim specifically arises out of their activities in this State.

6. Venue is properly laid. The Houston Division is within the Southern District, and the accident occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff is a tankerman for SGS Petroleum Service Corporation. On October 27, 2013, Plaintiff was working at Defendant Brenntag's plant in Channelview. As part of his regular duties, Plaintiff was required to board a barge owned and operated by Defendant Chem Carriers.

8. On the day in question, Plaintiff was walking down the gangway from the barge when the gangway suddenly flipped without warning, causing Plaintiff to fall onto the lower deck of the barge.

9.     Brenntag, who placed in gangway in place, had failed to secure the gangway to the barge.  Further, Chem Carriers, who has a duty to provide a safe means of ingress and egress from its vessels, had also failed to ensure the gangway was secured to its barge, and had failed to moor the barge properly, allowing it to shift.  These failures by Brenntag and Chem Carriers to ensure the gangway was safe for use resulted in Plaintiff's fall.

10.    Due to this incident, Plaintiff has sustained severe injuries to his shoulder, back, neck, head, knee, and other parts of his body.  Plaintiff's injuries were caused in whole or in part by the negligence of the Defendants, its agents, servants and/or employees.

## CLAIMS FOR RELIEF

### NEGLIGENCE (BRENNTAG AND CHEM CARRIERS)

11.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

12.    Defendant Brenntag owed Plaintiff, a visitor, the duty of reasonable care, and a duty to provide a reasonably safe place to work. Defendant Chem Carriers, owed Plaintiff the duty of reasonable care, and the specific duty as a visitor to its vessel of providing a reasonably safe means of ingress and egress. Each Defendant failed in its duties to the Plaintiff.  Defendants' breaches of their duties were the producing cause, or the proximate cause, of Plaintiff's injuries.

### GROSS NEGLIGENCE (BRENNTAG AND CHEM CARRIERS)

13.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

14.    Defendants were aware the gangway in question was not sufficient to provide safe ingress and egress from the barges that routinely call at Defendant Brenntag's facility.  Defendants

were aware that the type of gangway being used at Brenntag's facility routinely shifted, and sometimes almost fell into the water, but yet neither took reasonable efforts to remedy the situation, or warn those attempting to board Defendant Chem Carrier's vessels. Defendants' conduct was thus willful, reckless, wanton, and/or malicious, and merits the imposition of punitive damages.

15. At a minimum, Defendants' acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. And, due to their subjective awareness of the extreme risk, Defendants exhibited a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Plaintiff thus seeks exemplary damages, along with all other damages allowed by applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in their favor against the Defendants, jointly and severally, as follows:

a. Compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to be determined by the trier of fact as provided by law and supported by the evidence at trial;

b. Punitive damages; and

c. Any other such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

       Respectfully submitted,

       **THE BUZBEE LAW FIRM**

    */s/:  Anthony G. Buzbee*
       Anthony G. Buzbee
       State Bar No. 24001820
       Federal Bar No. 22679
       JPMorgan Chase Tower
       600 Travis, Suite 7300
       Houston, Texas 77002
       Tel:  (713) 223-5393
       Fax: (713) 223-5909
       tbuzbee@txattorneys.com

       ATTORNEYS FOR PLAINTIFF